IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-208-FL-2
NO. 5:16-CV-334-FL

| | |
|---|---|
| BARON MICHAEL STEPNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (DE 36), which challenges petitioner's conviction for brandishing a firearm during and in relation to a crime of violence in light of the Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss, (DE 53, 58), which was fully briefed, and petitioner's motion to correct clerical error and sentence, (DE 44). For the reasons that follow, the court grants respondent's motion to dismiss, and denies petitioner's motions to vacate and correct clerical error.

## BACKGROUND

On January 22, 2007, petitioner pleaded guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1915 (count two), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count three). On July 18, 2007, the court sentenced petitioner to an aggregate custodial sentence of 220 months' imprisonment, comprised of 157 months' imprisonment on count two and 63 months' imprisonment on count three. On July 19, 2007, the

court corrected the judgment to reflect that petitioner's sentence consisted of 136 months' imprisonment on count two, and 84 months' imprisonment on count three, producing the same aggregate custodial sentence of 220 months. Petitioner did not appeal his conviction or sentence.

Petitioner filed the instant motion to vacate, set aside, or correct sentence on June 7, 2016, asserting that his § 924(c) conviction should be vacated in light of Johnson. On July 5, 2016, respondent filed motion to stay the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, No. 15-4640 (4th Cir.). The court granted the motion to stay on July 6, 2016. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the United States Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

On July 18, 2019, petitioner filed the instant motion to correct clerical error and sentence, arguing he no longer qualifies as a career offender in light of recent Fourth Circuit case law, and thus the court should correct his presentence report and resentence him. Respondent did not respond to the motion.

On July 19, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motion to vacate. The parties then requested further stay pending resolution of United States v. Ali, No. 15-4433 (4th Cir.), which the court granted. On January 15, 2020, the court lifted the stay and directed the parties to file supplemental briefing addressing whether the Fourth Circuit's decision in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), forecloses petitioner's claims. Respondent filed the instant motion to dismiss on February 4, 2020. On February 20, 2020, petitioner responded to motion to dismiss, conceding that Mathis establishes he is not entitled to habeas relief.

2

# DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  Id. § 2255(b).

B.  Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of brandishing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of seven years' imprisonment for the first conviction.  18 U.S.C. § 924(c)(1)(A)(ii).  The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime.  Id. § 924(c)(1)(A).  Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; United States v. Simms, 914 F.3d 229, 237 (4th Cir. 2019). The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See Mathis, 932 F.3d at 263-64.

Petitioner's predicate offense is Hobbs Act robbery in violation of 18 U.S.C. § 1951, and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force clause. See id. at 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."). Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms. As to petitioner's challenge to his advisory career offender enhancement, the claim is not cognizable in a habeas corpus proceeding. See United States v. Foote, 784 F.3d 931 (4th Cir. 2015); see also Beckles v. United States, 137 S. Ct. 886, 895 (2017) (holding advisory sentencing Guidelines are not subject to void-for-vagueness challenge based on Johnson and its progeny).

Petitioner also moves to correct clerical error and sentence based on his alleged erroneous classification as a career offender. Federal Rule of Civil Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." The Fourth Circuit has held that "Rule 36 may serve as an appropriate vehicle to obtain resentencing when a clerical error likely resulted in the imposition of a longer sentence than would have been imposed absent the error." United States v. Vanderhorst, 927 F.3d 824, 827 (4th

4

Cir. 2019). This ruling, however, applies only to factual "data entry error[s]" in the record, such as clerical errors in the presentence report misidentifying a prior state court conviction. Id. at 827. In Vanderhorst, for example, the defendant's presentence report erroneously classified his prior conviction as "conspiracy to sell and deliver cocaine," while he was actually convicted of "conspiracy to traffick cocaine by transportation," and as a result defendant was erroneously designated a career offender at the time of sentencing. Id. at 825-26. The Fourth Circuit held that this "scrivener's or recording error[]" can be corrected under Rule 36, and the district court also has authority to order resentencing on the basis of such error. Id. at 827.

Here, petitioner's presentence report correctly identified the predicate convictions used to establish his career offender enhancement. Even assuming (without deciding) that petitioner's prior convictions no longer qualify as career offender predicates in light of subsequent Fourth Circuit law, changes to the legal status of (correctly transcribed) convictions are not "clerical errors" within the meaning of Rule 36. See id.; see also; United States v. Scott, 478 F. App'x 789, 790 (4th Cir. 2012) ("A clerical error subject to correction under Rule 36 must not be one of judgment or even misidentification, but merely of recitation . . . ." (internal quotation omitted)); United States v. Postell, 412 F. App'x 568, 569 (4th Cir. 2011) ("Courts employ Rule 36 to correct errors that are clerical, rather than legal, in nature."). The presentence report's factual characterization of petitioner's prior convictions was not erroneous at the time of sentencing, and it remains correct today. Accordingly, the court lacks jurisdiction to correct petitioner's presentence report or order resentencing under Rule 36.

5

C.  Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss, (DE 53, 58), DENIES petitioner's motions to vacate, (DE 36), and DISMISSES WITHOUT PREJUDICE petitioner's motion to correct clerical error and sentence, (DE 44). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of June, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge